IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02337-WDM-MJW

BOB DOUGHERTY,

Plaintiff,

v.

HOME DEPOT USA, INC.,

Defendant.

**ORDER REGARDING
(1) PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR PROVIDING REPORTS OF TWO OF PLAINTIFF'S EXPERT WITNESSES (Docket No. 47),
(2) PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO ALLOW MORE DEPOSITIONS (Docket No. 48), and
(3) PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO ALLOW UP TO TWO MORE EXPERTS AND ADDING POLYGRAPHY [sic] AS A POSSIBLE AREA OF EXPERT TESTIMONY (Docket No. 51)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on: (1) Plaintiff's Motion to Extend Deadline for Providing Reports of Two of Plaintiff's Expert Witnesses (Docket No. 47), (2) Plaintiff's Motion to Amend Scheduling Order to Allow More Depositions (Docket No. 48), and Plaintiff's Motion to Amend Scheduling Order to Allow Up to Two More Experts and Adding Polygraphy [sic] as a Possible Area of Expert Testimony (Docket No. 51). The court has reviewed these motions and the combined response (Docket No. 56). In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed

makes the following findings, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Initially, this court will incorporate by reference paragraphs 1 through 11 under **II. Procedural History Relevant to the Pending Motions** on pages 3, 4, and 5 in Defendant's response (Docket No. 56). Moreover, this court finds that the Rule 16 Scheduling Order allows each side to endorse six (6) expert witnesses. Plaintiff now seeks to endorse two (2) additional expert witnesses in the areas of (1) a polygraph examiner and (2) an additional psychiatrist.

As to Plaintiff's proffered expert, Mr. Jenks, this court finds that the two-page "expert report" of Mr. Jenks is not in compliance with Fed. R. Civ. P. 26(a)(2). See report dated Nov. 10, 2005, from Mr. Jenks, Ex. C attached to defendant's Response. (Docket No. 56). This report is conclusory and contains no discussions concerning the basis for the polygraph examiner's opinion. See Rawlins v. Colorado Springs Transit, 2002 WL 32815244 (D. Colo. Feb. 25, 2002). Furthermore, to allow plaintiff to endorse Mr. Jenks would be futile. The general rule in the Tenth Circuit is that polygraph results are inadmissible. See Palmer v. City of Monticello, 31 F.3d 1499 (10th Cir. 1994) (citing United States v. Whitt, 718 F.2d 1494, 1501 (10th Cir. 1983); United States v. Soundingsides, 820 F.2d 1232, 1241-42 (10th Cir. 1987)). In this case, plaintiff is attempting to use a proffered "polygraph expert," Mr. Jenks, to bolster plaintiff Robert Dougherty's credibility. See report dated Nov. 10, 2005, from Mr. Jenks, Ex. C attached to defendant's Response. (Docket No. 56). "The credibility of witnesses is generally not an appropriate subject for expert testimony." United States v. Toledo,

3

985 F.2d 1462, 1470 (10th Cir. 1993). Such testimony is often excluded because it is not helpful to the jury, which is capable of making its own determination regarding credibility. Id. See also Conti v. C.I.R., 39 F.3d 658, 663 (6th Cir. 1994) (holding that polygraph evidence is almost never admissible under Fed. R. Evid. 403).

As to plaintiff's request for an additional psychiatrist, it is cumulative since he already has one endorsed to testify to psychological damages.

Accordingly, for these reasons, Plaintiff's Motion to Amend Scheduling Order to Allow Up to Two More Experts and Adding Polygraphy [sic] as a Possible Area of Expert Testimony (Docket No. 51) should be denied.

As to plaintiff's request to allow additional depositions, this court finds that plaintiff has failed to demonstrate good cause to expand the number of depositions. This is a premises liability case. Part of plaintiff's claim alleges negligence that created a dangerous condition, and part of plaintiff's claim alleges defendant was negligent in failing to assist plaintiff or summon help for him even after it became aware that he was stuck on the toilet seat. Here, the court permitted five (5) fact depositions plus the experts per side which has clearly allowed both sides sufficient discovery in the form of depositions to prepare this very straight-forward case for trial. See Rule 16 Scheduling Order (Docket No. 18). Accordingly, for these reasons, Plaintiff's Motion to Amend Scheduling Order to Allow More Depositions (Docket No. 48) should be denied.

As to plaintiff's request to extend the deadline for providing reports of two of plaintiff's expert witnesses, this court finds that plaintiff is seeking an extension of time to provide expert reports for Maurice Dixon, a proffered bathroom maintenance expert,

4

and Curtis Bridges, a proffered retail store security expert. In support of this request, plaintiff argues that defendant has not designated a Fed. R. Civ. P. 30(b)(1) witness and that a discovery dispute exists and therefore his two above-proffered experts are unable at this time to write their expert reports. Here, plaintiff has waited until October 1, 2006, to designate areas for a Fed. R. Civ. P. 30(b)(6) witness from the defendant knowing full well that the deadline to provide expert reports was October 16, 2006. See Ex. F, the e-mail dated Oct. 1, 2006, attached to defendant's Response (Docket No. 56). Plaintiff has been less than diligent in outlining the areas of inquiry to defendant for a Fed. R. Civ. P. 30(b)(6) deposition and in pursuing discovery. This court has further amended the Rule 16 Scheduling Order on four (4) previous occasions to allow the parties to complete discovery. See Docket Nos. 31, 34, 37, and 44. A court may modify a scheduling order pursuant to Fed. R. Civ. P. 16(b) on a showing of "good cause" that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension. Hannah v. Roadway Express, Inc., 200 F.R.D. 651, 654 (D. Colo. 2001). Here, the court finds that plaintiff has failed to demonstrate "good cause" and further finds that plaintiff could have met the already-extended deadlines but has not been diligent in his efforts to obtain discovery. See Docket Nos. 31, 34, 37, and 44 for previous extension of discovery deadlines. Accordingly, for these reasons, Plaintiff's Motion to Extend Deadline for Providing Reports of Two of Plaintiff's Expert Witnesses (Docket No. 47) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Extend Deadline for Providing Reports of Two of Plaintiff's Expert Witnesses (Docket No. 47) is **DENIED**;

2. That Plaintiff's Motion to Amend Scheduling Order to Allow More Depositions (Docket No. 48) is **DENIED**;

3. That Plaintiff's Motion to Amend Scheduling Order to Allow Up to Two More Experts and Adding Polygraphy [sic] as a Possible Area of Expert Testimony (Docket No. 51) is **DENIED**; and

4. That each party pay their own attorney fees and costs for this motion.

Done this 3rd day of November 2006.

                        BY THE COURT

                        s/ Michael J. Watanabe
                        Michael J. Watanabe
                        United States Magistrate Judge