IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02337-WDM-MJW

BOB DOUGHERTY,

    Plaintiff,

v.

HOME DEPOT, U.S.A., INC. d/b/a THE HOME DEPOT,

    Defendant.

---

**ORDER REGARDING
DEFENDANT'S MOTION FOR SANCTIONS RE: PLAINTIFF'S FAILURE TO ATTEND
INDEPENDENT MENTAL EXAMINATIONS (DOCKET NO. 57)
AND
DEFENDANT HOME DEPOT U.S.A., INC.'S UNOPPOSED MOTION FOR
EXTENSION OF TIME REGARDING THE EXPERT REPORT OF DR. FREDERICK
MILLER, M.D. (DOCKET NO. 66)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court on (1) Defendant's Motion for Sanctions Re: Plaintiff's Failure to Attend Independent Mental Examinations (docket no. 57) and (2) Defendant Home Depot U.S.A., Inc.'s Unopposed Motion for Extension of Time Regarding the Expert Report of Dr. Frederick Miller, M.D. (docket no. 66).  The court has reviewed each motion, the Defendant's first and second supplements to Defendant's Motion for Sanctions Re: Plaintiff's Failure to Attend Independent Mental Examinations (docket nos. 60 and 68), and the response by Plaintiff (docket no. 75).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

It is undisputed that Plaintiff failed to attend three appointments for an Independent Medical Examination ("IME") on October 27, 2006, September 26, 2006, and September 27, 2006.  All of these IMEs were scheduled by the mutual consent of the parties.  In this case, Plaintiff has placed his mental condition at issue since he is claiming that he suffers from Post Traumatic Stress Disorder ("PTSD") as a result of becoming glued to a toilet at the Defendant Home Depot Store located in Louisville, Colorado.  As to the September 26 and 27, 2006, IME appointments with Dr. Miller, Plaintiff argues that he was ill and could not attend.  As to the October 27, 2006, IME appointment with Dr. Miller, Plaintiff argues that he "oversleep" and secondly he thought his appointment with Dr. Miller was at a different time.  As a result of Plaintiff missing the above IME appointments with Dr. Miller, the Defendant has been billed a total of $3,000.00 by Dr. Miller for cancelling these IME appointments.  See Defendant's Second Supplement (docket no. 68).

Here, the court finds that counsel for Plaintiff, Mark S. Cohen, Mr. Cohen's law clerk, Sierra Swearingen, and the Plaintiff himself have been and are aware of Plaintiff's current medical and mental condition and his ability to function well at certain times.  Plaintiff's counsel now offers to have someone from his office drive Plaintiff to his IME appointment with Dr. Miller if this court would allow a rescheduling of such IME appointment.  Plaintiff and/or Plaintiff's counsel should have made such arrangements to have someone drive Plaintiff to his previously-scheduled IME appointments on

3

September 26 and 27, 2006, and October 27, 2006, with Dr. Miller, but both failed to so, resulting in unnecessary expansion of this case and further resulting in additional expense to be incurred by the Defendant. This court does not reward a party for negligence. The Plaintiff was at fault for having to cancel the above-scheduled IMEs with Dr. Miller. Accordingly, this court finds that sanctions are appropriate and Defendant's Motion for Sanctions Re: Plaintiff's Failure to Attend Independent Mental Examinations (docket no. 57) and Defendant Home Depot U.S.A., Inc.'s Unopposed Motion for Extension of Time Regarding the Expert Report of Dr. Frederick Miller, M.D. (docket no. 66) should both be granted.

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion for Sanctions Re: Plaintiff's Failure to Attend Independent Mental Examinations (docket no. 57) is **GRANTED**.

2. That the IME shall be rescheduled with Dr. Miller, and counsel for Plaintiff, Mr. Cohen, shall make arrangements to have someone drive Plaintiff to his rescheduled IME with Dr. Miller. The parties shall forthwith meet and confer and reset the Plaintiff's IME with Dr. Miller on or before December 15, 2006.

3. That as a sanction pursuant to Fed. R. Civ. P. 37 (b) for Plaintiff's failure to appear for his IME appointments with Dr. Miller, Plaintiff

4

shall pay to Defendant the sum of $3,000.00 on or before December 1, 2006. The sanction that Defendant seeks of exclusion of all evidence relating to psychological injuries is denied at this time without prejudice.

4. That Defendant Home Depot U.S.A., Inc.'s Unopposed Motion for Extension of Time Regarding the Expert Report of Dr. Frederick Miller, M.D. (docket no. 66) is **GRANTED**. Dr. Miller's report shall be disclosed by January 10, 2007.

5. That the deadline to complete expert discovery only is extended to January 31, 2007. All fact discovery shall be completed by December 1, 2006. The dispositive motion deadline is extended to February 16, 2007. The final pretrial conference remains set on March 1, 2007, at 9:00 a.m.

Done this 16th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge