IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02337-WDM-MJW

BOB DOUGHERTY,

    Plaintiff,

v.

HOME DEPOT, U.S.A., INC. d/b/a The Home Depot,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTIONS IN LIMINE

Miller, J.

This matter is before me on a motion for summary judgment filed January 8, 2007 by Defendant Home Depot, U.S.A., Inc., d/b/a The Home Depot (Docket No. 86); a Motion in Limine filed October 2, 2006 by Plaintiff (Docket No. 45); and a Motion in Limine Regarding 1976 Incident filed October 19, 2007 by Plaintiff (Docket No. 52).  I have reviewed the parties' written arguments and their summary judgment evidence and find that oral argument is not required.  For the reasons that follow, the motion for summary judgment will be granted and the motions in limine will be denied as moot.

### Background[1]

The action arises out of an injury that Plaintiff sustained while visiting Defendant's store in Louisville, Colorado.  Many of the facts surrounding the incident

---

[1] Unless otherwise noted, the background facts, drawn from the parties' factual statements and supporting evidence, appear to be undisputed.

PDF Final

are unclear or disputed as Plaintiff has limited memory regarding the sequence of events. On October 30, 2003 at about 5:45 pm, Plaintiff was shopping with his friend Mike Mundy at The Home Depot when he decided to use the restroom. He recalls that the restroom was empty when he entered. Plaintiff attempted to use a disposable toilet seat cover but, finding the dispenser empty, used the toilet without one. When he attempted to move, he discovered that his skin on both thighs was adhered to the toilet seat. Without a cell phone and no one in the restroom with him, Plaintiff waited. He approximates that he was in the restroom for twenty to twenty-five minutes before Greg Olsen, a Home Depot employee, entered the restroom.

After Olsen entered the restroom, Plaintiff, at least, indicated that he needed some assistance although exactly what type of assistance Plaintiff sought is in dispute. Olsen testified during his deposition that Plaintiff merely asked for help in getting his friend to come to the restroom and that he radioed Kristine Dodson, the head cashier, to tell her to page Mundy. Plaintiff alleges that he told Olsen that he was "stuck to the toilet" but can't remember what else he asked Olsen to do. Either way, Dodson did page Mundy and Mundy went to the restroom.

At some point while he was waiting, Plaintiff believed that he was having heart trouble and took out his pills to take one; however, he dropped them on the floor and was unable to retrieve them. Joseph Mack, the acting manager on duty, was the person responsible for calling the paramedics to assist Plaintiff. It is disputed whether Mack entered the restroom after being summoned by Mundy or another Home Depot employee. Mack testified at his deposition that Dodson called him to make him aware

that a customer was paging his friend to come to the men's restroom and that another employee, Jason Sullivan, also told him about Plaintiff after encountering him in the restroom. Mack testified that he entered the restroom and asked Plaintiff if he was okay and if he needed assistance. Plaintiff indicated to Mack that he was stuck to the toilet and could not stand up. After seeing the cardiac pills, Mack called 911. Mundy, on the other hand, testified at his deposition that, after being paged to the restroom and discovering Plaintiff and his injury, he sought help and brought Mack back to the restroom with him.

Regardless, paramedics responded and removed Plaintiff from the restroom and store. As a result of this incident, Plaintiff suffered trauma to his skin, endured pain, had trouble breathing, and lost consciousness.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "When applying this standard, [the court] view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. ) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 174 (10th Cir. 1998)).

Where "the moving party does not bear the ultimate burden of persuasion at

trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id*. (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).  A mere scintilla of evidence, however, is not sufficient to create a genuine issue of material fact and survive summary judgment.  *Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)).

## Discussion

Defendant argues that Colorado's premises liability statute (statute) provides Plaintiff's exclusive remedy.  Plaintiff does not disagree.  The statute provides that "[i]n any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in [this statute]."  Colo. Rev. Stat. § 13-21-115(2).  The Colorado Supreme Court has held that this is the exclusive remedy for landowner liability.  *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) (noting the Colorado Legislature's intent to "establish a comprehensive and exhaustive specification of the duties landowners owe to those injured on their property"); *see also Sofford v. Schindler Elevator Corp*, 954 F.Supp. 1459, 1461 (D. Colo. 1997) (holding, "consistent with existing Colorado authority, that [a] plaintiff may recover against [a] landowner . . . only pursuant to [the]

statute and not under any other theory of negligence, general or otherwise" (citing *Casey v. Christie Lodge Owner's Ass'n*, 923 P.2d 365, 367-68 (Colo. Ct. App. 1996))). Therefore, I find that the statute is Plaintiff's exclusive remedy for his injuries sustained while at Defendant's store.

Plaintiff first argues that summary judgment is not appropriate in cases brought under the statute. Plaintiff argues that the statute's limitation of the role of the court makes summary judgment inappropriate. *See Vigil*, 103 P.3d at 328 ("Under the premises liability statute, the only issue of law to be determined by the court is the classification of the injured plaintiff; liability and damages are questions of fact to be determined by the finder of fact."). Plaintiff, however, ignores the summary judgment standard—the standard does not answer questions of fact that are reserved for the finder of fact, but asks only whether there are any genuine issues of material fact to be decided at trial. *See* Fed. R. Civ. P. 56 (summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law"). If the nonmoving party cannot show a genuine issue of material fact as to each element of its case then the case need not proceed to trial. *See Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Although Plaintiff cites to *Vigil* in its argument, Plaintiff ignores the fact that *Vigil* did not address the appropriateness of summary judgment, 103 P.3d 322, and that the Tenth Circuit has expressly held that *Vigil* does not make summary judgment inappropriate in landowner liability cases, *Wyle v. Skiwatch Condo. Corp.*, 183 Fed. Appx. 760, 761 (10th Cir.

2006) (unpublished).[2]  In addition, I and others have applied summary judgment standards to claims brought under the statute.  *See, e.g.*, *Sofford*, 954 F.Supp. 1459; *Casey*, 923 P.2d 365; *Wyle*,183 Fed. Appx. 760 (unpublished).  Accordingly, I will proceed to evaluate Defendant's motion for summary judgment.

The statute determines what duty is owed by the landowner by classifying the injured party as a trespasser, licensee, or invitee.  *See* Colo. Rev. Stat. 13-21-115(3).  The parties here do not argue that Plaintiff was an invitee.  *See id.* § 13-21-115(5)(a) (defining "invitee" as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain").  An invitee may recover from a landowner for "unreasonable failure to exercise reasonable care to protect against dangers of which [the landowner] actually knew or should have known." *Id.* § 13-21-115(3)(c)(I).  As I have previously concluded, "the statute establishes two separate elements for landowner liability: (1) breach of a duty to use reasonable care to protect against a danger on the property, and (2) actual or constructive knowledge of the danger."  *Sofford*, 954 F.Supp. at 1461 (citing *Jules v. Embassy Props., Inc.*, 905 P.2d 13, 115 (Colo. Ct. App. 1995)).[3]  Defendant argues that Plaintiff fails to establish a genuine issue of material fact as to either element.

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

[3] The Colorado Supreme Court has referred to this formulation without objection.  *Vigil*,103 P.3d at 328 n.11.

Specifically, Defendant argues that Plaintiff has not shown that Defendant had actual or constructive knowledge of the danger to Plaintiff. Plaintiff argues that Defendant had both actual and constructive knowledge. With respect to actual knowledge, Plaintiff claims that Olsen, one of Defendant's employees, was responsible for the glue and, therefore, Defendant had actual knowledge. To support this allegation Plaintiff points only to a discrepancy in Olsen's statements regarding what he told Dodson when he radioed her about Plaintiff. Olsen testified at his deposition that Plaintiff did not indicate to him that he was glued to the toilet. However, Louisville Detective Christi Gordanier recalls that Dodson reported that Olsen stated that someone was "stuck on the crapper." Plaintiff contends that this alleged statement, at a time when Plaintiff had not told him of his situation, demonstrates that Defendant, through Olsen, had actual knowledge of the glue. This alleged statement, however, is directly contradicted by Dodson's own deposition testimony and is reported differently by Detective Gordanier in the investigation report, which states only that Olsen stated that someone on the "crapper" needed help. Furthermore, Plaintiff's own deposition testimony indicates that he told Olsen he was stuck on the toilet although he did not mention any adhesive. A small discrepancy in the detail remembered by witnesses, if any, is essentially a "mere scintilla" of evidence and insufficient to establish a genuine issue and survive summary judgment. *See Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)).

With respect to constructive knowledge, Defendant contends that it did not have constructive knowledge because it was not aware of any previous incidents involving

glue on a toilet seat. Plaintiff argues that constructive knowledge does not require knowledge of the exact event that occurred, but rather knowledge sufficient to put Defendant on notice of the danger of glue on a toilet seat. I agree with Plaintiff. A landowner must be aware, either actually or constructively, of a danger within a close enough proximity to the actual danger that Defendant could be expected to exercise reasonable care to prevent the actual specific danger. Colo. Rev. Stat. § 13-21-115(c)(I) (extending liability to landowners for failure to exercise reasonable care with respect *only* to dangers of which they knew or should have known); *see Casey*, 923 P.2d at 367 (declining to hold defendant liable for an injury sustained from a storage door when the defendant did not have any actual or constructive knowledge of a danger associated with the storage doors); *Sofford*, 954 F.Supp. At 1461 (declining to hold defendant liable for an injury sustained in an elevator when the defendant had no actual or constructive knowledge of a danger associated with the elevator).

Plaintiff argues that Defendant should have known about the risk in the restroom because there was graffiti in the restroom, Defendant chose to provide toilet seat covers in the restroom, and there had been an incident a few days before where someone had glued coins to the sidewalk outside the store. Plaintiff contends that these incidents demonstrate Defendant's knowledge of a risk of harm to customers in the restroom and that they were sufficient to create in Defendant a duty to exercise reasonable care to protect against dangerous activities in the restroom including glue on the toilet seat. I disagree. Plaintiff does not cite any evidence that would put Defendant on notice that there was a physical danger to customers anywhere in the

store, let alone in the restroom.  The decision to provide customers with toilet seat covers and knowledge of vandalism do not demonstrate that a physical danger exists in the restroom.  Likewise, I find that the coin incident involving dried glue is too attenuated from placing presumably wet glue on a toilet seat to provide constructive notice of the threat of the latter.  It would be unreasonable to impute notice of all possible pranks with glue from its singular use not related to entrapping a human with wet glue.  Therefore, I find that Plaintiff has not put forth sufficient evidence to show a genuine issue of fact as to whether Defendant had constructive knowledge of the danger to Plaintiff and summary judgment is appropriate.

Plaintiff also argues that Defendant is liable for failing to properly and quickly respond after it had actual notice that Plaintiff was glued to the toilet seat.  Defendant argues that this is an inappropriate extension of liability under the statute and that it properly exercised reasonable care in responding to Plaintiff's injury.  The parties have not cited to any Colorado case law nor am I aware of any that deals with a landowner's duty to assist after an injury on the landowner's property.  Without deciding the issue but for purposes of this order, I assume Defendant does have a duty to assist or aid its invitees once a Defendant knew or should have known of a need.  As I have noted, however, such liability would not be based upon the Restatement (Second) of Torts § 314A, but rather limited to the exclusive remedy provided by Colo. Rev. Stat. § 13-21-115(3).  The issue therefore becomes whether (1) Defendant had actual or constructive knowledge of the danger to Plaintiff and (2) whether Defendant breached its duty to use

reasonable care to protect the Plaintiff against the danger. *Sofford*, 954 F.Supp. at 1461.

Given my rulings, any liability would have to be based upon Defendant's conduct after one of its employees became aware of Plaintiff's need for assistance, *i.e.* after he was stuck to the toilet, a circumstance for which Defendant is not responsible. Defendant's damage liability would therefore be limited to any damages resulting from Defendant failing to provide aid. In this case, because Defendant ultimately provided aid, Plaintiff apparently claims Defendant did not seek help fast enough. (Pl.'s Resp. at 20.)

Turning to the facts about which there does not appear to be any genuine dispute, Plaintiff was stuck on the toilet seat for some time—perhaps twenty to twenty-five minutes—without anyone entering the restroom until Defendant's employee, Olsen, arrived. In some language Plaintiff indicated to Olsen that he had some difficulty and specifically asked to have his friend, Mundy, paged. As is shown by Mundy's testimony and others, Mundy was in fact paged and went to the restroom where he either encountered Defendant's manager, Mack, or sought assistance from Mack after speaking with Plaintiff. Mack was advised by one or more persons of some type of difficulty and went promptly to the restroom. When Mack saw the circumstances, including Plaintiff's pills on the floor, he had a 911 call placed and emergency personnel responded to free Plaintiff from the toilet.

Plaintiff's argument is apparently that Defendant unreasonably delayed summoning emergency help. This argument is not premised on any sworn testimony or

affidavit of Rule 56(e) evidence. Rather, Plaintiff asserts that one can infer inconsistencies in witnesses' testimony based on police reports summarizing what had been told to officers. An example would be the claimed inconsistency between witness Dodson's statement that she paged Mundy (as confirmed by Mundy's testimony) and the police officer's summary that Dodson said she "ignored [Olsen] because he used inappropriate language and was inappropriate on many occasions" as being inconsistent. In my judgment this is not countervailing testimony contemplated by Rule 56(e), but rather simply double hearsay that may or may not be ultimately admissible at trial under Fed. R. Evid. 801(d)(2)(D) or otherwise. This is not sufficient to demonstrate a genuine issue of material fact as to whether Defendant used reasonable care when it knew or should have known of Plaintiff's need for assistance. Therefore, Defendant is entitled to summary judgment.

Accordingly, it is ordered:

1. Defendant's motion for summary judgment, filed January 8, 2007 (Docket No. 86) is granted.

2. Plaintiff's motion in limine filed October 2, 2006 (Docket No. 45) is denied as moot.

3. Plaintiff's motion in limine regarding the 1976 incident filed October 19, 2006 (Docket No. 52) is denied as moot.

DATED at Denver, Colorado, on September 28, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge